# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No. 1711013775 |
| | ) | |
| DAVON CROSBY-AVANT, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: April 28, 2026
Decided:  June 18, 2026

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF BE SUMMARILY DISMISSED

Timothy McGuire, Deputy Attorney General, Department of Justice, Wilmington, Delaware.

Davon Crosby-Avant, James T. Vaughn Correctional Center, 1181 Paddock Road, Smyrna, Delaware 19977, *pro se*.

**O'CONNOR,** Commissioner.

On this 18th day of June, 2026, upon consideration of Defendant Davon Crosby-Avant's ("Defendant") *pro se* Motion for Postconviction Relief (the "Motion")[1] and the record in this case, it appears to the Court that:

1.     On November 26, 2017, Defendant was arrested for Attempted Murder First Degree and Possession of a Firearm During the Commission of a Felony ("PFDCF").[2]   On January 2, 2018, a New Castle County Grand Jury indicted Defendant for Attempted Murder First Degree; four counts of PFDCF; Possession of a Firearm by a Person Prohibited; Possession of Firearm Ammunition by a Person Prohibited; and three counts of Reckless Endangering First Degree.[3]

2.     On July 31, 2018, trial counsel for Defendant filed a Motion for Competency Evaluation,[4] which this Court granted on August 1, 2018.[5]   Due to the opinions stated in the resulting competency evaluation report issued by Dr. Douglas Roberts and Dr. Monica Vega, the State moved to have Defendant confined at the Delaware Psychiatric Center to participate in competency restoration.[6]  And, on November 8, 2018, the State's request was granted.[7]

---

[1]  Docket Item ("D.I.") 102.
[2]  D.I. 1.
[3]  D.I. 5.
[4]  D.I. 25.
[5]  D.I. 26.
[6]  D.I. 28.
[7]  D.I. 30.

3. On or about August 14, 2019, this Court received a competency report indicating that Defendant was competent. On October 11, 2021, Defendant entered a guilty plea to Attempted Murder First Degree and PFDCF,[8] and this Court ordered a Presentence Investigation.[9] A few weeks later, Defendant filed a *pro se* Motion to Withdraw Guilty Plea,[10] and on May 20, 2022, counsel for Defendant filed an Amended Motion to Withdraw Guilty Plea.[11] On May 31, 2024, the Motion to Withdraw Guilty Plea was denied,[12] and on October 25, 2024, this Court sentenced Defendant thirty-five years Level V, suspended after serving twenty-three years Level V, followed by probation.[13]

4. On November 22, 2024, Defendant appealed his conviction to the Delaware Supreme Court ("Supreme Court").[14] In the appeal, Defendant argued that this Court erred in finding him competent at the time the guilty plea was entered and that he

---

[8] D.I. 46.
[9] *Id.*
[10] D.I. 48.
[11] D.I. 71. On June 8, 2022, appointed counsel filed a Corrected Amended Motion to Withdraw Guilty Plea. D.I. 73.
[12] D.I. 88. This Court issued a Memorandum Opinion and Order dated May 31, 2024, wherein it concluded Defendant was competent to enter the plea. *See State v. Crosby-Avant*, 2024 WL 2831558, at *6-7 (Del. Super. Ct. May 31, 2024). Specifically, this Court held:
> Based on the record in this case, the State has established beyond a preponderance of the evidence that Defendant was competent when he entered his guilty plea. Defendant reached the non-demanding, non-exacting minimum threshold for competency. Accordingly, Defendant was competent to enter and withdraw that plea. If the Court were to grant Defendant's Motion to withdraw his guilty plea, the issue of competency would not create a barrier to that withdrawal.
> *Id.* at *7.
[13] D.I. 89.
[14] D.I. 90.

was in-fact competent.[15]   On October 30, 2025, the Delaware Supreme Court summarily denied the appeal "on the basis of and for the reasons stated in [this Court's] May 31, 2024 Memorandum Opinion and Order."[16]

5.   On April 17, 2026, Defendant filed the Motion.[17]  Therein, Defendant claimed he "was at all relevant times in these proceedings incompetent and failed to realize the nature of the criminal charges and proceeding[s] against him.   [Court appointed] Counsel can show the Defendant was not given proper competency procedures before waiving his rights to a jury trial."[18]  In practical terms, Defendant seeks to re-litigate the same issue raised on direct appeal – that this Court erred in concluding he was competent to enter the plea resulting in his conviction and sentence.

6.   In Delaware, "Superior Court Criminal Rule 61 provides the exclusive remedy for setting aside a final judgment of conviction."[19]  Rule 61 is "intended  to correct errors in the trial process, not to allow defendants unlimited opportunities to relitigate their convictions."[20]  It also provides incarcerated persons a procedure: (a)

---

[15] *Davon Crosby-Avant v. State of Delaware*, No. 484, 2024, Defendant's April 23, 2025 Opening Brief, p. 25.

[16] *See Crosby-Avant v. State*, 2025 WL 2963825 at *1 (Del. Oct. 20, 2025).

[17] D.I. 102.

[18] *Id.*, ¶ 3.

[19] *Jackson v. State*, 2007 WL 2231072, at *1 (Del. Aug. 2, 2007).

[20] *Ploof v. State*, 75 A.3d 811, 820 (Del. 2013).

to have a conviction set aside on the ground that the court lacked jurisdiction, or (b) to collaterally attack a conviction.[21]

7. Before considering the merits of Defendant's claim, this Court must determine whether Defendant satisfied the procedural requirements of Superior Court Criminal Rule ("Rule") 61.[22] Under Rule 61(i)(1)-(4), a postconviction motion may be procedurally barred for being untimely, successive, procedurally defaulted, or formerly adjudicated.[23] While Defendant's Motion was timely filed, and this is Defendant's first postconviction motion, his claim of incompetency at the time the plea was entered was formerly adjudicated by this Court, and this Court's well-reasoned opinion was adopted by the Supreme Court when it denied Defendant's appeal.

8. Rule 61(i)(4) provides as follows:

> Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred.[24]

9. Defendant's claim was formerly adjudicated in this Court and on direct appeal and is therefore procedurally barred.

10. That being said, Rule 61 contains an exception to the procedural bar found

---

[21] Super. Ct. Crim. R. 61(a)(1).
[22] *Taylor v. State*, 32 A.3d 374, 388 (Del. 2011) (citing *Shelton v. State*, 744 A.2d 465, 474 (Del. 1999)).
[23] See Super. Ct. Crim. R. 61(i)(1)-(4).
[24] Super. Ct. Crim. R. 61(i)(4).

in Rule 61(i)(4), through the application of Rule 61(i)(5). This subsection provides:

> The bars to relief in paragraphs (1), (2), (3), and (4) of this subdivision shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.[25]

The relevant subsections of Rule 61(d)(2)(i) and (ii) require a defendant to either:

> (i) Plead with particularity that new evidence exists which creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or
> (ii) Plead with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[26]

11. Defendant has failed to plead (a) that this Court lacks jurisdiction; (b) that new evidence exists which creates a strong inference he is innocent-in-fact of the acts underlying the charges for which he was convicted; or (c) that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to his case and renders his conviction invalid. Therefore, the exceptions to the procedural bar do not apply and Defendant's Motion remains procedurally barred under Rule 61(i)(4).

12. Even if this Court were to reach the merit of Defendant's claim, it is meritless and subject to summary dismissal. Although Defendant identifies several alternative evaluative tools to purportedly evaluate competency (IQ test scores, a

---

[25] Super. Ct. Crim. R. 61(i)(5).
[26] Super. Ct. Crim. R. 61(d)(2)(i)-(ii).

"FIT-R" test, and the *McGarry* and *Guatney* factors),[27] Delaware law does not require this Court to specifically apply each of them in determining competency to enter or withdraw a plea.[28]   And this Court expressly concluded the State established, by a preponderance of the evidence, that: (a) "Defendant was competent when he entered his guilty plea;"[29] (b) "Defendant [was] competent to stand trial;"[30] and (c) finally (i) there was no manifest procedural defect in the plea colloquy process; (ii) Defendant knowingly, intelligently and voluntarily entered into the plea agreement;[31] (iii) Defendant conceded he lacked a present basis to assert legal innocence, given the highly persuasive character of the evidence against him; (iv) Defendant affirmed he had generally adequate legal counsel during the proceedings;[32] and (v) Defendant "failed to establish a fair and just reason to withdraw his guilty plea."[33]

---

[27] D.I. 103, Motion to Vacate Contract Plea, p. 3-5.  The *McGarry* and *Guatney* factors identify evaluative criteria which are "instructive in determining competency." *State v. Swanson*, 2024 WL 65478, at *2 (Del. Super. Jan. 5, 2024).

[28] *See generally State v. Silvils*, 2022 WL 17494203, at *4-7 (Del. Super. Ct. Dec. 8, 2022) ("There is no uniform test that courts use to determine competency.")

[29] *State v. Crosby-Avant*, 2024 WL 2831558, at *7.

[30] *Id.* at *8.

[31] *Id.* at *9.

[32] *Id.*

[33] *Id.* at *10.

## CONCLUSION

For the aforestated reasons, I recommend the Motion be **SUMMARILY DISMISSED** as procedurally barred and meritless.

**IT IS SO RECOMMENDED.**

<u>/s/ Martin B. O'Connor</u>
Commissioner

oc:   Prothonotary